**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RODGER EINSTEIN HAYWARD,

*Petitioner*,

vs.

WARDEN LEGRAND, *et al.*,

*Respondents*.

3:14-cv-00246-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted. Following review, it appears that the petition, *inter alia*: (a) is wholly unexhausted; (b) is untimely; and (c) fails to state a claim upon which relief may be granted.

***Background***

The papers presented together with the online docket records of this Court and the state courts reflect the following.

Petitioner Rodger Einstein Hayward was convicted in 1982, pursuant to a jury verdict, of one count of sexual assault and three counts of lewdness with a minor. The victim was six years old. This Court denied petitioner's prior federal petition in No. 3:91-cv-00147-LRH-VPC on the merits. The Ninth Circuit affirmed, and the Supreme Court denied *certiorari* review on November 1, 2010. Petitioner's last state supreme court proceeding seeking review of his conviction concluded in 1999.

The present petition purports to challenge only the subsequent denial of parole.

The most recent parole denial reflected in the papers attached with the petition occurred on June 25, 2012. It is clear from the petition and attachments that petitioner has not pursued any timely state judicial proceedings that would statutorily toll the running of the federal limitation period. It further is clear from the state supreme court's online docket records that petitioner has not pursued any such proceedings through to a decision by that court.

***Exhaustion***

The Court may raise issues of exhaustion *sua sponte*. *See, e.g., Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991). A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

From both the papers presented and the state courts' online records, it is clear that none of the claims in the petition are exhausted. Petitioner therefore must show cause in writing why the petition should not be dismissed as completely unexhausted.

***Untimeliness***

A federal habeas petition challenging a parole denial must be brought within one year of the denial of parole, absent tolling or delayed accrual. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1062-66 (9th Cir. 2004); *Parejo v. Frakes*, 2012 WL 6019059 (9th Cir. Dec. 4, 2012). The one-year limitation period for petitioner's challenge in the present case therefore began running, at the latest, from the June 25, 2012, denial of parole. Absent tolling or delayed accrual, the limitation period therefore expired on June 25, 2013. This action was not mailed for filing until on or about May 6, 2014, more than ten months after the facial expiration of the limitation period.

Petitioner therefore must show cause in writing why the petition is not subject to dismissal with prejudice as time-barred.

Petitioner is informed that the limitation period may be statutorily or equitably tolled.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely state petition is not "properly filed" for purposes of § 2244(d)(2) and thus does not statutorily toll the federal limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

The Court expresses no opinion at this juncture as to whether the untimeliness of a petition challenging the denial of parole may be overcome on an attempted showing of actual innocence. In circumstances where such a basis for overcoming the time-bar is available, the petitioner must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

To the further extent, if any, that petitioner challenges the underlying conviction or sentence, the action clearly has long been time-barred. Such a challenge further would appear to present a successive request for habeas relief at this point.

***Failure to State a Claim***

Federal habeas pleading is not notice pleading; and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Even under the more liberal notice pleading standard applicable to general civil actions, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at 679. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

While federal habeas pleading is not notice pleading, the allegations of a *pro se* pleading nonetheless are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The law is well established that this less stringent standard applies fully to *pro se* habeas petitions. *See, e.g., Maleng v. Cook*,

490 U.S. 488, 493(1989); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001).

Even on a liberal reading, the petition fails to state a claim upon which relief may be granted. The two grounds of the petition do not present any operative factual allegations but instead present a conclusory diatribe against the state parole and judicial system.

In Ground 1, petitioner alleges that his sentence is unconstitutional because his purportedly First Amendment right to be free of cruel and unusual punishment was violated. He then states:

> An indeterminate sentence with no expiration date is just another way of saying death by imprisonment and this petitioner's charge does not qualify for a death sentence – ergo the stipulative title of this petition . . . by a person in custody not sentenced to death.
>
> This is not about raising the issue based on the parole commissioner's last decision. It is just an unhappy coincidence that on July 2012 denial the commissioners clearly stated that they have predetermined that they will never parole this petitioner based on their mummers [sic] code!
>
> This petitioner requires a good lawyer to argue this constitutional argument!

#1-1, at 3.

Petitioner then wrote diagonally across the next page with inquiries regarding exhaustion of state court remedies: "Too much crap about nothing. None of this happened. It was a sham and a pretense no issues were ever dealt with!"

In Ground 2, petitioner does not identify any constitutional violation. He alleges:

> The State of Nevada through the auspices of the Nevada Supreme Court have long held that the Nevada Parole Commissioners are sacrosanct!
>
> No petitioner has ever succeeded in having the courts police the commissioners.
>
> It is well established in law that my argument to the Nevada Supreme Court is an absolute exercise in futility!
>
> This case is abou the courts supporting the futility doctrine by pretending that it doesn't matter if prisoners are mistreated!

#1-1, at 5.

Nothing in the foregoing rant states a claim for federal habeas relief. Placing an exclamation mark behind a conclusory sentence does not add any specificity or substance to the conclusory sentence. Petitioner has the burden of establishing a basis for federal habeas relief, and he has no constitutional right to appointment of counsel in such a proceeding. Petitioner further may not rely upon attachments to state his claims for relief. If, following an opportunity for amendment, petitioner presents nothing more within the body of the grounds themselves than a conclusory rant as in the present petition, the matter simply will be dismissed, even if the claims *arguendo* otherwise are timely and exhausted. The burden, again, is on petitioner to establish a basis for habeas relief.

Moreover, it is well-established law that a state parole statute does not create a protected liberty interest for purposes of federal constitutional due process protections unless the state statute mandates that parole "shall" be granted following the fulfillment of specified requirements. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979); *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir.1985). The Nevada legislature expressly has stated that release on parole is an "act of grace of the State" and that "it is not intended that the establishment of standards relating thereto create any such right or interest in liberty." N.R.S. 213.10705; *see also Severance v. Armstrong*, 96 Nev. 836, 838-39 620 P.2d 369, 370 (Nev.1980)(Nevada parole statutes provide "no legitimate expectation of parole release"). Under established Ninth Circuit law, the Nevada state parole statute does not mandate a grant of parole upon fulfillment of specified requirements and thus does not give rise to a protected liberty interest. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *accord Garcia v. Nevada Board of Prison Commissioners*, 2008 WL 818981, at *7 (D. Nev., Mar. 24, 2008); *Cooper v. Sumner*, 672 F.Supp. 1361, 1366-67 (D. Nev. 1987); *Kelso v. Armstrong*, 616 F.Supp. 367, 369 (D.Nev. 1985); *Austin v. Armstrong*, 473 F.Supp. 1114, 1116-17 (D. Nev. 1979).

In short, there is absolutely no constitutional requirement that the state parole board grant petitioner parole – at any time. If petitioner was sentenced to, *inter alia*, a life sentence, he potentially may be incarcerated for his entire life.

Finally, petitioner shall not use profanity in his filings. If petitioner files another paper containing profanity, the Court will refer the matter to institutional authorities for consideration of possible disciplinary proceedings for major disciplinary violation MJ48.[1] This is the only advance warning that petitioner will receive in this regard.

IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma pauperis* is GRANTED, and petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that the petition is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to an opportunity to amend within **thirty (30) days** of entry of this order. Final judgment dismissing the action will be entered without further advance notice if petitioner does not timely file an amended petition stating a claim for relief within the body of the counts in the petition, without reliance upon attachments.

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended petition filed must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not alleged in the amended petition will not be before the Court.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the words "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **3:14-cv-00246-RCJ-VPC**, above the words "AMENDED."

IT IS FURTHER ORDERED that petitioner shall not use any further profanity in any papers filed in this action.

/ / / /

---

[1]Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

IT FURTHER IS ORDERED that the Clerk shall file the motion for appointment of counsel submitted with the petition, with action on the motion being deferred at this time.[2]

IT FURTHER IS ORDERED that, also within **thirty (30) days** of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why the action should not be dismissed without prejudice because all claims are completely unexhausted; and (b) why the action further is not subject to dismissal with prejudice as untimely. If petitioner does not timely respond to this order, the action will be dismissed by final judgment without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the action is not subject to dismissal, the action be dismissed by final judgment without further advance notice.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all documentary materials upon which he bases his argument that the petition should not be dismissed for lack of exhaustion and/or untimeliness. Unsupported assertions of fact will be disregarded.

DATED: May 28, 2014

ROBERT C. JONES
United States District Judge

[2]The Court does not find at this juncture that the interests of justice require the appointment of counsel.